Barbour, J. (dissenting.)
It is quite clear, upon the testimony, that the funds furnished to the defendants by Draper, to be used as security, were not the identical $1,000 which had been sent to the latter by the plaintiff; Draper having given his own check to the defendants for a much larger amount, out of which the $1,000 was to be taken and applied by them, and having deposited to his own credit, or otherwise appropriated the funds transmitted to him by the plaintiff. The plaintiff, therefore, is not entitled to recover the specific funds deposited, as in an action of replevin, or for the delivery to him of personal property of which he is the owner, and which is unlawfully detained from him. If he has any standing in Oourt to recover the money deposited by Draper, it must be by virtue of his right to claim the substituted fund. It may be added here, that the finding of the Beferee to the effect that the $1,000 placed in the .hands of the defendants by Draper was the same money which was received by him from the plaintiff is erroneous, the evidence, which is entirely uncontradicted, showing that it was not the same. He has also erred in finding, as a fact, that the' deposit was made with the defendants when the order was given, *422 instead of at the time the statement of the purchase was rendered by them. As these questions of fact, particularly the former, may be. of importance if the case should be taken to the Court of dernier resort, I think that, under the defendants’ exceptions, the General Term should reverse the judgment and direct a new trial for this reason.
Upon the trial the defendants offered evidence to prove, first, that in receiving the order, the defendants understood the order to be for Draper’s account, and his only, and that they had no notice or information to the contrary until after this action was commenced; second, that by the uniform and established usage and custom of brokers and dealers in stock in the City of Hew York, the purchaser and seller are uniformly regarded and treated, each by the other, as principal, and as making any sale and purchase on his own account, unless at the time of giving the order he declares the same to be for the account of some other person named by him; and, third, that at the time the order was given, Draper was indebted to the defendants in a sum exceeding $9,000, which, at the time of the trial, was still due and unpaid. The testimony in each case was objected to by the counsel for the plaintiff, and excluded by the Referee, whereupon the defendants duly excepted.
The exclusion of the evidence thus offered was erroneous in each instance. The proof of the non-disclosure of' the name of the plaintiff, and of the custom of 'brokers, was not offered for the purpose of invalidating the order, or changing the effect of the terms employed, but to support it by removing any ambiguity that might have been supposed to exist, involving the intentions of the parties, by reason of the relation which had been proved between the plaintiff and Draper, and was therefore admissible. It was upon this principle that the Court held, in Child v, Morley, (8 Term R., 614,) that the fact as to whether, by the general usage of the Stock Exchange, brokers contracting for the sale of stocks, and not disclosing the names of their principals, were considered as *423 impliedly pledging their own credit for the faithful performance of the contract, may be proven.
So, too, as to the evidence of Draper’s indebtedness to the defendants. It is true that an unknown principal may recover for goods sold by his agent, and will be liable, when discovered, for goods purchased by him; but, Avhen the name of the principal is not disclosed, that is so only in eases where he assumes the liabilities and obligations of his agent, and stands in his place. Where a principal permits his«,agent to deal as apparent principal, and after-wards intervenes, the person dealing with such agent is entitled to be placed in the same situation as if the agent had been the real contracting party, and is entitled to the same defense, whether it be by payment or set-off, as he would have been entitled to against the agent and apparent principal, had there been no such intervention. (Carr v. Hinchliffe, 4 B. & C., 547; Gordon v. Ellis, 2 Com. B. R., 821; George v. Clagett, 7 Term R., 359; Ratone v. Williams, Id., 360, n.; Tucker v. Tucker, 4 B. & Ad., 745; Isberg v. Bowden, 22 L. & Eq. R., 551; Hogan v. Shorb, 24 Wend., 458; Story on Agency, §§ 390, 404, 420, 423; Paley on Agency, 151, 325; 1 Parsons on Cont., 53.) And, in this case, Draper so dealt with the defendants as to exclude the idea that he acted as agent for another person. It is not a mere .question of lien; but the defense of the defendants rests upon their right to offset a demand which they had against the person with Avhom they dealt, in liquidation of a balance that otherwise would have been due from them to Mm, according to the conditions of the contract between them.
It may properly be said, too, that although the defendants are called brokers, they did not act simply, if at all, as brokers, in the restricted sense in which that term is used in the books; that is, as applied to persons who are merely gobetweens for the parties in interest, within the knowledge of such parties, maMng their bargains for them, selling by samples, &e., and never having the property in their possession, nor meddling with its proceeds. Here the defend *424 ants, under Draper’s directions, did all this; and may, therefore, be considered, with reference to this transaction, as factors.
The admission of parol evidence to show that the plaintiff was the real party in interest, although that fact was not disclosed to the defendants, seem also to have been erroneous,'the only object and effect of it being to contradict the written order, which directs the defendants to purchase the. stocks for the account and risk of Draper, and the bought and sold note, furnished to Draper*at the time the $1,000 was advanced, which declares upon its face that the stock was purchased for his account and risk.
The judgment should therefore be reversed, and a new ■trial granted.
Judgment affirmed.